Filed 3/23/16  In re Ruth D. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re RUTH D., a Person Coming Under the Juvenile Court Law. | D068905 |
| THE PEOPLE, | |
| Plaintiff and Respondent, | (Super. Ct. No. J237416) |
| v. | |
| RUTH D., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Robert J. Trentacosta, Judge.  Affirmed.

David R. Greifinger for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In July 2015 a petition was filed in the juvenile court alleging that Ruth D. (the Minor) possessed methamphetamine (Health & Saf. Code, § 11377, subd. (a)), a misdemeanor.  It was also alleged the Minor possessed paraphernalia related to tobacco and controlled substances (Pen. Code, § 308, subd. (b)), an infraction.

The Minor was granted informal supervision pursuant to Welfare and Institutions Code section 654.2. The court ordered the Minor to submit to a drug test to establish a baseline.

The Minor filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating he has been unable to identify any reasonably arguable issue for reversal on appeal. Counsel asks this court to review the record for error as mandated by *Wende*. We offered the Minor the opportunity to file her own brief on appeal, however, the Minor has not responded.[1]

## STATEMENT OF FACTS

On June 1, 2015 police stopped the Minor and several friends in a car about 3:30 a.m. Police discovered methamphetamine in the Minor's purse.

## DISCUSSION

As we have noted, appellate counsel has not identified any reasonably arguable issues for reversal of the juvenile court's order. In order to assist this court in our review of the record, and as required by *Anders v. California* (1967) 386 U.S. 738 (*Anders*), appellate counsel has identified the following possible, but not reasonably arguable issue:

Whether the juvenile court abused its discretion in ordering a baseline drug test as a condition of granting informal supervision.

---

[1] The facts of the underlying offenses are not relevant to the analysis of possible error based on this record. Therefore, we will omit the traditional statement of facts.

2

We have reviewed the entire record as mandated by *Wende, supra*, 25 Cal.3d 436, and *Anders, supra*, 386 U.S. 738, and have not discovered any reasonably arguable issue for reversal on appeal.  Competent counsel has represented the Minor on this appeal.

DISPOSITION

The order granting informal supervision, based on the stated conditions, is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

HALLER, J.

AARON, J.

3